1

2

3

4

5

6                   UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9   REMIJIO RAMINES,                          1:12-CV-00042 AWI GSA HC

10                  Petitioner,
                                              FINDINGS AND RECOMMENDATION
11       v.

12  JAMES D. HARTLEY, Warden,

13                  Respondent.
    _____/

14

15       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

16  pursuant to 28 U.S.C. § 2254.

17       On October 21, 2011, Petitioner filed the instant petition for writ of habeas corpus in the

18  United States District Court for the Central District of California.  Petitioner challenges the

19  California court decisions upholding a July 14, 2010, decision of the California Board of Parole

20  Hearings.  Petitioner claims the California courts unreasonably determined that there was some

21  evidence he posed a current risk of danger to the public if released.  Because Petitioner is

22  incarcerated at Avenal State Prison ("ASP") in Kings County, and ASP is located in this Court's

23  jurisdiction, the matter was transferred to this Court.

24       As noted in Central District's Order to Show Cause of October 25, 2011, in this matter, the

25  Supreme Court issued an opinion in Swarthout v. Cooke, ___ U.S.___, 131 S.Ct. 859, 2011 WL

26  197627 (2011) (per curiam) in which the Supreme Court held that "the responsibility for assuring

27  that the constitutionally adequate procedures governing California's parole system are properly

28  applied rests with California courts, and is no part of the [federal courts'] business."  Id., at 863.  The

U.S. District Court
E. D. California                                 1

1  federal habeas court's inquiry into whether a prisoner denied parole received due process is limited

2  to determining whether the prisoner "was allowed an opportunity to be heard and was provided a

3  statement of the reasons why parole was denied." <u>Id.</u>, at 862, *citing*, <u>Greenholtz v. Inmates of Neb.</u>

4  <u>Penal and Correctional Complex</u>, 442 U.S. 1, 16 (1979).  Review of the instant case reveals

5  Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided

6  a statement of reasons for the parole board's decision. <u>See</u> Resp't's Lodged Ex. 1.  According to the

7  Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether

8  [the prisoner] received due process." <u>Swarthout</u>, 131 S.Ct. at 863.  "The Constitution does not

9  require more [process]." <u>Greenholtz</u>, 442 U.S. at 16. Therefore, the instant petition does not present

10  cognizable claims for relief and should be summarily dismissed.

### RECOMMENDATION

12         Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus

13  be SUMMARILY DISMISSED with prejudice for failure to state cognizable claims for relief.

14         This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

15  States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

16  304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

17         Within thirty (30) days after date of service of this Findings and Recommendation, any party

18  may file written objections with the Court and serve a copy on all parties.  Such a document should

19  be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

20  Objections shall be served and filed within fourteen (14) days after date of service of the Objections.

21  The Finding and Recommendation will then be submitted to the District Court for review of the

22  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure

23  to file objections within the specified time may waive the right to appeal the Order of the District

24  Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

25

26         IT IS SO ORDERED.

27     Dated:   **January 25, 2012**                      _____**/s/ Gary S. Austin**_____
                                                          UNITED STATES MAGISTRATE JUDGE

28